UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TYRELL GREEN,**

      **Plaintiff,**

  v.                                  Civil Action 2:21-cv-562
                                        Chief Judge Algenon L. Marbley
                                        Magistrate Judge Chelsey M. Vascura

**U.S. DEPARTMENT OF EDUCATION,**

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Tyrell Green ("Plaintiff"), an Ohio resident, brings this action against Defendant, the United States Department of Education ("Defendant"), alleging that a third party fraudulently obtained a student loan under Plaintiff's name. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *see also Brown v. Bargery*, 207 F.3d 863, 865, n. 2 (6th Cir. 2000). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's action pursuant to § 1915(e)(2) for failure to assert any claim over which this Court has subject-matter jurisdiction, and for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Plaintiff's request to proceed *in forma*

*pauperis* is **GRANTED**. Plaintiff is permitted to prosecute this action without prepayment of fees or costs, and any judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements

set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In addition, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers."  *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Finally, when the face of the complaint provides no basis for federal jurisdiction, the

Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3).  *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.

The entirety of Plaintiff's Complaint reads as follows:

> Unknown of the Date But my Social Security number was compromised Someone open a student loan in the Amount of $7,848.08.  That was not me I Try call the School that was listed and They Informed me they Do not have record of me ever attending their school.  I contacted Department of Education to try to get some help If feel like I was providing them with correct information for them to update the[ir] system I was informed by a representative with US DOE.  Someone By the name of Michael Goodman He was trying to pay It and get credit on his credit Despite them try to assisting the person they choose to keep It on My name clearly It's fraud.  And then I started on more research and found out the school was a scam and also filed for bankruptcy the school is now closed.  Never received any money from Department of Education or from this school.

(Compl. 3, ECF No. 1.)  Plaintiff requests the following forms of relief:

> Order the U.S. Department of Education to take this debt off of my Credit.  and pay me $2,000.00 For Jobs [and] house turned me Down because of it.  and the return of my tax that They garnished Back in 2019.

(Compl. 4, ECF No. 1.)

## III.

Although Plaintiff's Complaint lacks clarity, what is clear is that his claims arise from his allegation that the United States Department of Education has failed to satisfactorily assist him with the repercussions attributable to another individual using his Social Security number to take an educational loan out under his name.  Because Plaintiff has failed to plausibly allege a claim over which this Court has jurisdiction, it is **RECOMMENDED** that this action be **DISMISSED**.

As a threshold matter, federal agencies, like the United States itself, possess sovereign immunity that is a bar to suit unless the United States has waived that immunity.  *See FDIC v.*

*Meyer*, 510 U.S. 471, 484–87 (1994); *United States v. Testan*, 424 U.S. 392, 399 (1976). Such a waiver is "a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). Further, "[a]ny such waiver must be strictly construed in favor of the United States." *United States v. Idaho ex rel. Dir., Idaho Dep't of Water Res.,* 508 U.S. 1, 7 (1993) (quoting *Ardestani v. INS*, 502 U.S. 129, 137 (1991)). Thus, a party seeking to sue the United States or one of its agencies "must identify a waiver of sovereign immunity in order to proceed." *Reetz v. United States,* 224 F.3d 794, 795 (6th Cir. 2000).

Here, although Plaintiff has neglected to identify such a waiver, construing his Complaint liberally, the undersigned considers whether he could proceed under the Administrative Procedure Act ("APA"), the Federal Torts Claims Act ("FTCA"), and the Fair Credit Reporting Act ("FCRA").

**A.     The APA**

"Although the APA provides a broad waiver of sovereign immunity, . . . a federal district court may only review 'agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court.'" *Beamon v. Brown,* 125 F.3d 965, 967 (6th Cir. 1997) (quoting 5 U.S.C. § 704). Consequently, a plaintiff seeking to proceed under the APA must demonstrate some "final agency action." *Franklin v. Mass.*, 505 U.S. 788, 796 (1992); *see also Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 495–96 (6th Cir. 2014) (employing a two-part test to evaluate whether an agency decision is final).

Applied here, Plaintiff's claims cannot proceed under the APA because he has failed to plausibly allege facts upon which this Court could rely to conclude that Defendant has taken any

"final agency action." *See Frazier v. United States Dep't of Educ.*, No. 2:10-CV-00782, 2011 WL 2580295, at *3 (S.D. Ohio June 3, 2011), *report and recommendation adopted*, No. 2:10-CV-00782, 2011 WL 2580171 (S.D. Ohio June 29, 2011) (finding that the Court lacked jurisdiction to consider a dispute about student loans because the plaintiff "failed to demonstrate that Defendant has taken any 'final agency action'").

Accordingly, because the Court lacks jurisdiction to consider Plaintiff's claims under the APA, it is **RECOMMENDED** that these claims be **DISMISSED**.

**B.     The FTCA**

"The FTCA provides a limited sovereign immunity waiver and subject matter jurisdiction for plaintiffs to pursue state law tort claims against the United States." *Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012) (citing 28 U.S.C. § 1346(b)(1)). To proceed under the FTCA, a plaintiff must show that he has exhausted his administrative remedies before filing in the district court. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Applied here, Plaintiff's claims cannot proceed under the FTCA because he has failed to plausibly allege facts upon which this Court could rely to conclude that he has exhausted all administrative remedies. *See Fisher v. Dep't of Educ.*, No. 1:12-CV-282, 2012 WL 3544744, at *3 (S.D. Ohio Aug. 16, 2012), *report and recommendation adopted*, No. 1:12CV282, 2012 WL 4050094 (S.D. Ohio Sept. 13, 2012) (concluding that the court did not have jurisdiction over claims against the United States Department of Education under the FTCA because "there is no suggestion that Plaintiff ever exhausted her administrative remedies prior to filing suit in this Court").

Accordingly, because the Court lacks jurisdiction to consider Plaintiff's claims under the FTCA, it is **RECOMMENDED** that these claims be **DISMISSED**.

**C.     The FCRA**

Circuit courts are split on the issue of whether the FCRA waives sovereign immunity. *See Robinson v. Dep't of Educ.,* 140 S. Ct. 1440, 1441 (2020) (Thomas, J., dissenting from a denial of *certiorari*) (observing that the Fourth and Ninth Circuits have concluded that the FCRA does not waive sovereign immunity, while the Seventh Circuit has concluded it does).  The Sixth Circuit has not yet analyzed the issue.  *See Marzouq v. United States Dep't of Educ.,* No. 18-13616, 2019 WL 2996177, at *2 (E.D. Mich. July 9, 2019) ("The Sixth Circuit has not addressed whether the FCRA contains a waiver of sovereign immunity against suits for damages.").  And trial courts within the Sixth Circuit have reached inconsistent results.  *Compare Smith v. Penn. Higher Educ. Assistance Agency,* No. 2:18-CV-10162-TGB, 2019 WL 3219896, at *5 (E.D. Mich. July 17, 2019) (finding that "Congress did not waive sovereign immunity in the penalties portion of the FCRA"); *with Mooneyham v. Equifax Info. Servs., LLC,* 99 F. Supp. 3d 720, 725 (W.D. Ky. 2015) (concluding that "the FCRA waives sovereign immunity"); *Begres v. Experian Info. Sols., Inc.*, No. CV 19-11649, 2020 WL 532173, at *3 (E.D. Mich. Feb. 3, 2020) (holding that "Congress expressly waived the States' sovereign immunity when enacting the FCRA").

Here, it is unnecessary for the undersigned to make a determination regarding whether the FCRA waives sovereign immunity, because Plaintiff has failed to plausibly allege an FCRA claim.  Under the FCRA, "[a] consumer is authorized to bring suit for willful or negligent violations of the responsibilities enumerated by the statute."  *Nelski v. Trans Union, LLC,* 86 F. App'x 840, 844 (6th Cir. 2004).  To succeed on an FCRA claim premised upon allegations of inaccurate reporting, a plaintiff must show:

>(1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury.

*Nelski*, 86 F. App'x, at 844. Plaintiff's Complaint fails to contain sufficient content upon which the Court could rely to conclude that Defendant failed to follow reasonable procedures. In addition, Plaintiff fails to plausibly allege the requisite causal link between Defendant's actions and Plaintiff's alleged injuries. *See Garrett v. Trans Union, L.L.C.,* No. 2:04-CV-00582, 2006 WL 2850499, at *11 (S.D. Ohio Sept. 29, 2006) (concluding that the plaintiff was "not entitled to emotional distress damages because Plaintiff cannot show causation") (citing *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474–75 (2d Cir. 1995) (finding that the district court properly "rejected [an FCRA claim] due to a lack of causation between the harm alleged . . . [and the] alleged violations of the FCRA")).

Accordingly, even assuming this Court has jurisdiction to consider claims advanced under the FCRA, it is **RECOMMENDED** that Plaintiff's FCRA claims be **DISMISSED** for failure to state a claim.

## IV.

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(h)(3).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo*

determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE